Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LUIS CASTRO,

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
|  | **JURY TRIAL DEMANDED** |
| -against- | **Case No: 21-cv-5537** |

RAPI EMBARQUE INC. D/B/A RAPI
EMBARQUE, ADELSO DEJESUS RUBEN
CONTRERAS and GRACE RASA
LANTIGUA.

*Defendants.*
-------------------------------------------------------X

LUIS CASTRO ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against RAPI EMBARQUE INC. D/B/A RAPI EMBARQUE, ADELSO DEJESUS RUBEN CONTRERAS and GRACE RASA LANTIGUA (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.      Plaintiff is a former employee of Rapi Embarque at 4340 Park Avenue Bronx, NY 10457 that was owned and operated by Defendants GRACE RASA LANTIGUA, ADELSO DEJESUS RUBEN CONTRERAS and RAPI EMBARQUE INC. D/B/A RAPI EMBARQUE.

2.       Defendants own, operate, and/or controlled a warehouse and delivery service called RAPI EMBARQUE at 4340 Park Avenue Bronx, NY 10457.

3.      Plaintiff was employed by Defendants as a clerk and general laborer.

4.     At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5.     Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6.     Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.     Plaintiff LUIS CASTRO ("Plaintiff CASTRO") is an adult individual residing in Bronx County, New York. Plaintiff CASTRO was employed by Defendants at RAPI EMBARQUE from approximately 2016 through August 2020.

10.     RAPI EMBARQUE INC. D/B/A RAPI EMBARQUE is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 4340 Park Avenue Bronx, NY 10457.

11.     Defendant ADELSO DEJESUS RUBEN CONTRERAS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ADELSO DEJESUS RUBEN CONTRERAS is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

12.     Defendant ADELSO DEJESUS RUBEN CONTRERAS possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

13.     Defendant ADELSO DEJESUS RUBEN CONTRERAS established the schedule for Plaintiff.

14.     Defendant ADELSO DEJESUS RUBEN CONTRERAS had the final word on all decisions relating to the business operations of RAPI EMBARQUE.

15.     Defendant ADELSO DEJESUS RUBEN CONTRERAS supervised the employees and daily operations.

16.     Defendant ADELSO DEJESUS RUBEN CONTRERAS had the authority to hire and fire employees and did indeed hire and fire employees for RAPI EMBARQUE, including hiring Plaintiff.

17.     Defendant ADELSO DEJESUS RUBEN CONTRERAS directed Plaintiff's tasks and work on a daily basis.

18.     Defendant ADELSO DEJESUS RUBEN CONTRERAS controlled and/or supervised the payroll practices of RAPI EMBARQUE.

19.     Defendant ADELSO DEJESUS RUBEN CONTRERAS is the CEO and majority shareholder of Defendant Corporation.

20.     Defendant GRACE LANTIGUA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GRACE RASA LANTIGUA is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

21.     Defendant GRACE RASA LANTIGUA possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporation.

22.     Defendant GRACE RASA LANTIGUA determined the wages and compensation of the employees of Defendants, including Plaintiff.

23.     Defendant GRACE RASA LANTIGUA supervised Plaintiff on a daily basis.

24.     Defendant GRACE RASA LANTIGUA issued pay to Plaintiff.

25.     Defendant GRACE RASA LANTIGUA was in charge of granting raises to Plaintiff.

26.     Defendant GRACE RASA LANTIGUA had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

27.     Defendant GRACE RASA LANTIGUA possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28.     Defendant ADELSO DEJESUS RUBEN CONTRERAS possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other.

30.     Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

31.     Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff.

33.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

34.     Upon information and belief, in each year from 2016 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous tools and cleaning items were used daily at RAPI EMBARQUE INC. D/B/A RAPI EMBARQUE, such as boxes, tape, cleaning solvents, paper, packing materials and other supplies, were produced outside the State of New York.

36.     Plaintiff was individually involved in interstate commerce by virtue of his role receiving shipments and organizing shipments of goods to other companies for transport.

*Plaintiff LUIS CASTRO*

37.     Plaintiff CASTRO was employed by Defendants from approximately June 2016 through May 2020.

38.     Throughout his employment with defendants, Plaintiff CASTRO was employed at the RAPI EMBARQUE INC. D/B/A RAPI EMBARQUE as a clerk, warehouse worker and general laborer.

39.     Plaintiff CASTRO regularly handled goods in interstate commerce, such as packages, packing materials and other supplies produced outside the state of New York.

40.     Plaintiff CASTRO was involved in the movement of goods into and through interstate travel.

41.     Plaintiff CASTRO' work duties required neither discretion nor independent judgment.

42.     Plaintiff CASTRO regularly worked in excess of 40 hours per week without a proper premium for his overtime hours.

43.     From 2016 until 2020, Plaintiff CASTRO typically worked between six (6) days per week at the following approximate schedule:

    a.  Monday – Between 4:00 A.M. and 7:00 A.M. until between 7:00 P.M. and 10:00 P.M.

    b.  Tuesday – Between 4:00 A.M. and 7:00 A.M. until between 7:00 P.M. and 10:00 P.M.

    c.  Wednesday – Between 4:00 A.M. and 7:00 A.M. until between 7:00 P.M. and 10:00 P.M.

    d.   Thursday – Between 4:00 A.M. and 7:00 A.M. until between 7:00 P.M. and 10:00 P.M.

    e.   Friday – Between 4:00 A.M. and 7:00 A.M. until between 7:00 P.M. and 10:00 P.M.

    f.   Saturday - Between 4:00 A.M. and 7:00 A.M. until between 7:00 P.M. and 10:00 P.M.

    g.   Sunday – Typical Day Off

While Plaintiff's hours varied depending on the needs of the business, he typically worked between 68-85 hours per week.

44.    There were three busy seasons when Plaintiff worked between 80 to 100 hours per week between the beginning of March into the middle of April, the middle of May through July and October until the end of December.

45.    Defendants paid Plaintiff CASTRO a weekly salary of $450.00.

46.    Defendants occasionally paid a bonus of $150.00 per week if the employees were able to fill a large shipping container that was owned by another company.

47.    Defendants never paid Plaintiff a premium for the hours he worked in excess of 40 in a single week.

48.    No notification was given to Plaintiff CASTRO regarding overtime and wages under the FLSA and NYLL.

49.    Defendants never provided Plaintiff CASTRO with each payment of wages a statement of wages, as required by NYLL 195(3).

50.    Defendants never provided Plaintiff CASTRO, any notice in English and in Spanish (Plaintiff CASTRO's primary language), of his rate of pay, employer's regular pay day, and such

other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

51.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52.     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

53.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

54.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

55.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56.     At all times relevant to this action, Defendants were Plaintiff CASTRO' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff CASTRO, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

57.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

58.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

59.     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

60.     Defendants' failure to pay Plaintiff CASTRO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

61.     Plaintiff CASTRO was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

62.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

64.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

65.     Plaintiff was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

66.     Plaintiff CASTRO repeats and realleges all paragraphs above as though fully set forth herein.

67.     At all times relevant to this action, Defendants were Plaintiff CASTRO' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

68.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff CASTRO less than the minimum wage.

69.     Defendants' failure to pay Plaintiff CASTRO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

70.     Plaintiff CASTRO was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

71.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

73.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

74.     Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

75.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

77.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

78.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

79.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

80.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)     Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j)     Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as

awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o)     Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
        June 24th, 2021

                                    By:     */s/ Colin Mulholland*
                                            Colin Mulholland, Esq.
                                            30-97 Steinway, Ste. 301-A
                                            Astoria, New York 11103
                                            Telephone: (347) 687-2019
                                            *Attorney for Plaintiff*